STATE *v.* RICHARD COX

[No. 1-977A213. Filed July 5, 1978. Rehearing denied August 15, 1978. Transfer denied April 24, 1979.]

*Theodore L. Sendak*, Attorney General of Indiana, *Susan J. Davis*, Assistant Attorney General, for appellant.

*Charles W. Cooper, Cooper, Cox, Jacobs and Kemper*, of Madison, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Plaintiff-appellant State of Indiana sought to foreclose a judgment lien on land which defendant-appellee Richard Cox had obtained from Russell W. and Alice L. Berry. The trial court, holding that no lien existed on Cox's property, rendered judgment in favor of Cox. The State appeals.

## FACTS

In 1966 the State, for the purpose of building a highway, brought condemnation proceedings against certain land owned by the Berrys. The State offered the Berrys $9,501.00 for the land which it sought to condemn. A court appointed appraiser valued the land at $13,500.00. The State tendered the $13,500.00 and filed exceptions to the appraiser's report.

On June 7, 1966 the Berrys were permitted to withdraw the $13,500.00 provided that they would undertake to repay the amount by which the $13,500.00 exceeded the value of the land to be determined in a trial on the State's exceptions to the appraiser's report. The Berrys' written undertaking was recorded in the judgment docket and order book and the court stated that from the date of its recording the undertaking would constitute a lien upon all real estate in Jefferson County owned by the Berrys.

On May 14, 1970 the Berrys deeded to Richard Cox the real estate which forms the basis of the case at bar. Prior to August 31, 1971 Alice M. Berry died. On August 31, 1971 a trial was held on the State's exceptions to the appraiser's report and the jury returned a verdict for Russell W. Berry in the amount of $12,500.00 and awarded $15.07 in interest. Since the State had already tendered $13,500.00 and Berry had already withdrawn that amount, Berry was ordered to repay the State $984.93.

Russell W. Berry died on or about April 1, 1972 without having repaid the $984.93 to the State. The State did not pursue its judgment debt against the estate of Russell W. Berry because such estate was insolvent.

On August 10, 1973 the State sought to foreclose the lien based upon the June 7, 1966 undertaking of the Berrys, on the property acquired by Cox from the Berrys in 1970. The trial court held that no lien existed on the land which Cox acquired from Berry. Therefore, the State recovered nothing.

## ISSUES

The issues which have been presented to this court for review are as follows:

1.   Whether the court erred in finding that the State has no lien on Cox's property.

2.   Whether Cox had constructive notice of the State's said lien on Cox's property.

*Issue One*

The State contends that the undisputed evidence shows that, as a matter of law, a lien was placed on the Berrys' real estate as a result of the recording of the June 7, 1966 undertaking on the judgment docket and order book and that Cox took Berry's land with notice of the existence of that lien upon the land. IC 1971, 32-11-1-8 (Burns Supp. 1977) states in part:

"* * *

"Fourth. If exceptions to the appraisers' report have been duly filed by the plaintiff or any defendant, no payment shall be made by the clerk of the court to any defendant of any part of the damages deposited with the clerk by the plaintiff, unless and until the defendants requesting the same have filed with the clerk a written undertaking, with surety approved by the court, for the repayment to the plaintiff of all sums received by such defendant or defendants in excess of the amount or amounts awarded as damages to such defendant or defendants by the judgment of the court upon trial held on the exceptions to the assessment of damages by the appraisers:   Provided, however, That the court may waive the requirement of separate surety as to any defendant who is a resident freeholder of the county in which the cause is pending, and who is owner of real property in this state, liable to execution, not included in the real property appropriated by the plaintiff, and equal in value to the amount by which the damages to be withdrawn, exceed the amount offered to said defendant or defendants as stated in their request, or determined by the court if the plaintiff has disputed such statement of the offer:   Also Provided, That no surety or written undertaking shall be required in order for a defendant to withdraw those amounts previously offered by the plaintiff to the defendant, providing the plaintiff has previously notified the court in writing of the amounts so offered. Provided further, That the liability of any surety shall not exceed the amount by which the damages to be withdrawn exceed such amount offered to the defendant or defendants with whom such surety joins in said written undertaking. *Each such written undertaking filed with the clerk*

*shall be immediately recorded by the clerk in the order book and entered in the judgment docket, and from the date of such recording and entry such written undertaking shall be a lien upon all the real estate in such county owed by the several obligors,* and the same shall also be a lien upon all the real estate owned by the several obligors in each county of this state in which the plaintiff shall thereafter cause a certified copy of said judgment docket entry to be recorded, from the date of such recording.

\* \* \*" (Our emphasis)

The record in the case at bar clearly indicates that the Berrys' undertaking of June 7, 1966 was recorded in the judgment docket and order book and, under the authority of IC 32-11-1-8, *supra*, became a lien upon all of the Berrys' real estate. Such record was sufficient notice to Cox of the existence of a lien upon the property which he acquired from the Berrys. Therefore, he took the Berrys' land with constructive notice[1] of and subject to the State's lien.

---

1. In *Mishawaka St. Joseph Loan & Trust Company et al. v. Neu, Guardian et al.* (1935), 209 Ind. 433, 196 N.E. 85, although the facts are different from the case at bar and although the court discussed a semantical difference between constructive notice and implied actual notice, some statements are made which help to solve the problem with which we are presented in the case at bar. In 209 Ind. pages 442-444 the following is set forth:

"... 'Whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand; and if he omits to inquire, he is then chargeable with all the facts which, by a proper inquiry, he might have ascertained. This, in effect, means that notice of facts which would lead an ordinarily prudent man to make an examination which, if made, would disclose the existence of other facts is sufficient notice of such other facts.' 20 R.C.L. 346, and cases cited. In *Webb v. John Hancock Mutual Life Ins. Co.* (1904), 162 Ind. 616, 69 N.E. 1006, this court used the term 'constructive knowledge,' but it is said (p. 634): 'It would appear, when all of the facts and circumstances of which appellee had knowledge are considered, that its neglect to make further inquiry can only be explained upon the theory that it desired to remain ignorant;' and further: '. . . The question is, what knowledge under all of the circumstances ought to be imputed to it in respect to the particular point here involved.' . . .

\* \* \*

... Neither the law nor equity will impute to a person knowledge of facts that he has not had a reasonable opportunity to ascertain. He must use every reasonable means to ascertain such facts as may be open to his observation. . . ."

In the case at bar the State's judgment lien of 1966 was recorded, and knowledge of such recordation ought to be imputed to Cox. Since Cox failed to make further inquiry, such can be explained only upon the theory that he "desired to remain ignorant."

Cox contends that IC 1971, 34-1-43-1 (Burns Code Ed.) requires the judgment creditor to obtain a transcript of the judgment from the clerk and to make a separate filing of that judgment. Our Supreme Court refused to adopt a contention similar to Cox's when it stated in *Watson v. Strohl* (1943), 220 Ind. 672, 46 N.E.2d 204, 208, the following:

> "We may add that the special findings in this case show that the judgments, on which the appellee depends, were entered in the judgment docket of the clerk of the circuit court of the county in which the land was situated and it was a judgment rendered by the circuit court of that same county. It would seem that even in the case of a money judgment, where such judgment is to be entered in the judgment docket of the clerk of the court rendering the judgment, *it would be unnecessary for the judgment plaintiff to procure from the clerk a certified copy or a transcript of the judgment and then deliver it back to the clerk for entry in the judgment docket.* It could not have been the intention of the legislature to require such an unnecessary step. It is, of course, necessary that such a judgment be enrolled in the judgment docket to become a lien. . . ." (Our emphasis)

Cox contends that IC 1971, 34-1-4-2 (Burns Code Ed.) requires the State to file notice of condemnation proceedings in the lis pendens record before a subsequent purchaser can be charged with notice of the proceedings. Cox's contention is correct as far as it goes. However, the real estate which must be listed in the notice to be recorded in the lis pendens record is the real estate which is actually being appropriated for state use and not other real estate of the owner which becomes subject to a judgment lien under the provisions of IC 32-11-1-8, *supra*. In fact IC 34-1-4-2, *supra*, specifically excludes claims to realty based upon judgment liens from its provisions. Therefore, IC 34-1-4-2, *supra*, does not apply to the case at bar.

In 4 W. H. Harvey and R. B. Townsend, Indiana Practice 340 (1971) it states:

> "The purpose of lis pendens notice is to provide machinery whereby a person with an in rem claim to property *which is not otherwise recorded* or perfected may put his claim upon the public records, so that third persons dealing with the defendant or person against whom the claim is asserted will have constructive notice of it. . . ." (Our emphasis)

In the case at bar the State's lien on the property which Cox acquired from the Berrys was recorded in the judgment docket and the order book in Jefferson County in 1966. Therefore, when Cox acquired the land from the Berrys in 1970 he took with constructive notice of and subject to the State's judgment lien.

Finally, Cox contends that the State's motion to correct errors did not comply with the requirements of Ind. Rules of Procedure, Trial Rule 59(G) in that the State failed to support its motion to correct errors with a memorandum containing citations of authority. We hold that the State's motion to correct errors complies with the requirements of TR. 59(G) in that it incorporates its trial brief into its memorandum in support thereof.

Judgment reversed with instructions that judgment be entered for the State in the amount of $984.93. Upon compliance with these instructions the judgment will accordingly be affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE—Reported at 377 N.E.2d 1389.