**STATE of Indiana, Appellant,**

v.

**Roy TINDELL, Jr., Appellee.**

**No. 1178S251.**

Supreme Court of Indiana.

Jan. 30, 1980.

Theodore L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

GIVAN, Chief Justice.

The trial judge correctly treated a motion to dismiss as a motion to suppress evidence and sustained said motion. The State appeals. We reverse the trial court.

The record shows the following: After stopping a pickup truck displaying a paper registration in the back window and an expired license plate, a police officer learned that the vehicle had just been purchased from the appellee's business, Tindell's Auto Sales. The certificate of title

was not notarized nor did it bear the name of a purchaser. The officer went to Tindell's Auto Sales, where he advised the salesman that he wanted to inspect the dealer's titles, as authorized by IC § 9–1–2–3(b) [Burns' 1973], which states in part:

"Any manufacturer or dealer who is licensed as such by the department shall, as a prerequisite to the issuance of such manufacturer's or dealer's license, agree and consent that any state police officer or authorized representative of the department shall be permitted to inspect all certificates of origin, certificates of title or proper assignments thereof, and any or all motor vehicles, semitrailers or recreational vehicles, in such manufacturer's or dealer's place of business, which are held for resale by such manufacturer or dealer, during reasonable business hours. Such certificate shall at all times be readily available for inspection or delivery to the proper persons, and shall in no event be removed from the state of Indiana."

After examining the titles, the officer found that nine additional titles were open and that four were to vehicles that had been junked.

Informations were filed against the appellee for these violations. The appellee's Motion to Dismiss challenged the statute as being an unconstitutional invasion of his Fourth Amendment rights against unreasonable search and seizure. The trial court originally denied the Motion to Dismiss; however appellee filed a Motion to Reconsider. After correctly stating that the proper remedy was a Motion to Suppress, the trial judge sustained the motion. The effect of the court's ruling was that all evidence gained as a result of the search was suppressed on the ground that the warrantless search, as authorized by the statute, is an unconstitutional invasion of the appellee's Fourth Amendment rights.

■ In some instances an order to suppress is an interlocutory order not appealable by the State. However, the suppression order in this case precluded the State from using principal items of evidence which were vital to the prosecution of the appel-

lee. The ultimate effect of this order is to preclude further prosecution. Therefore, we deem the suppression order to be tantamount to a dismissal of the action and consequently appealable. Because the order was based upon the alleged unconstitutionality of the search provision of IC § 9–1–2–3(b) [Burns' 1973], this appeal was properly brought before this Court, pursuant to AP 4(A)(8).

■ The appellee has failed to file a brief. This is ordinarily treated as a confession of error. However, if there is a great public interest in the issue, as here, the case will be reviewed on its merits. *Ralston v. Ryan* (1940) 217 Ind. 482, 29 N.E.2d 202.

The appellee supported his Motion to Dismiss with *Camara v. Municipal Ct. of San Francisco* (1967) 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 and *See v. Seattle* (1967) 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943. In *Camara* the appellant refused entry without a warrant into his private residence for inspection for violations of housing code regulations. In *See* the appellant refused entry without a warrant into his commercial warehouse for fire inspections. Both cases attacked the constitutionality of the statutes authorizing warrantless, discretionary searches by administrative inspectors by relying on the Fourth Amendment rights to be secure against unreasonable searches and seizures.

The appellee supported his Motion to Reconsider with *Marshall v. Barlow's, Inc.* (1978), 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305. *Marshall* involves the constitutionality of 29 U.S.C. § 657, which authorizes warrantless inspections of businesses and factories subject to OSHA (Occupational Safety and Health Administration). In the three cases cited, the Court held that the Fourth Amendment prohibited prosecution for refusal to consent to inspection without a warrant.

■ There are exceptions to the rule set out in *Camara, See* and *Marshall*. These exceptions include those industries that have a long history of governmental control and involve a high level of public interest in

the regulatory scheme. *United States v. Biswell* (1972) 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87; *Colannade Catering Corporation v. U. S.* (1970) 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60. Other factors considered in determining the reasonableness of a warrantless inspection are noted in *City of Indianapolis v. Wright* (1978) Ind., 371 N.E.2d 1298, in which this Court recently upheld the constitutionality of such searches of massage parlors. These factors are whether the statute provides criminal penalties for refusal to permit inspection, whether notice is given of an impending inspection, *Wyman v. James* (1971) 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408, and whether notice is unreasonable given the ease with which violations can be concealed in a short period of time. *Biswell, supra.* The Court in *Biswell*, 406 U.S. at 317, 92 S.Ct. at 1597, 32 L.Ed.2d at 93, upholding the warrantless search of firearm dealers provided in the Gun Control Act, stated:

> "We have little difficulty in concluding that where, as here, regulatory inspections further urgent federal interest, and the possibilities of abuse and the threat to privacy are not of impressive dimensions, the inspection may proceed without a warrant where specifically authorized by statute."

IC § 9–1–2–3(b) [Burns' 1973] concerns the highly regulated motor vehicle industry. The legislature, through the police powers of the State, may reasonably regulate the operation, sales and registration of motor vehicles. The enforcement of the statute assures proper registration and transfer of vehicles in a traceable manner. There is no criminal provision for the refusal to consent to an inspection. The statutory penalty is the suspension or revocation of the dealers' or manufacturers' licenses. Notification of an impending inspection could be unreasonable because open titles could be completed and the violation subsequently concealed.

Here, as in *Biswell*, the dealer's privacy is minimally invaded by regulatory inspections. The vehicle dealer knows that his business is extensively regulated. He must be licensed by the State and must submit the certificates of title to the bureau in order to receive registrations. By participation in business the dealer places himself within the ambit of the statutory limitations and regulations imposed upon the industry. "The businessman in a regulated industry in effect consents to the restrictions placed upon him." *Marshall, supra*, 436 U.S. at 313, 98 S.Ct. at 1821, 56 L.Ed.2d at 312, quoting *Almeida-Sanchez v. U. S.* (1973) 413 U.S. 266, 271, 93 S.Ct. 2535, 2538, 37 L.Ed.2d 596, 601.

Furthermore, since the statute is limited in scope, possible abuses during inspection are minimized. The officer may only inspect the certificates of origin, certificates of title or proper assignments and any of the motor vehicles involved. The inspections may only occur at the dealer's or manufacturer's place of business during reasonable business hours.

We therefore hold that the warrantless searches authorized by IC § 9–1–2–3(b) [Burns' 1973] are constitutional and not a violation of appellee's Fourth Amendment rights.

The decision of the trial court is reversed. The cause is remanded with instructions to vacate the suppression order and to reinstate the prosecution of this cause of action.