**STATE of Indiana, Appellant,**

v.

**Edward F. NEW, Jr., Appellee.**

No. 580S153.

Supreme Court of Indiana.

June 10, 1981.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellant.

Edward New, pro se.

DeBRULER, Justice.

The State brings this appeal from an order of the trial court granting appellee's motion to dismiss. Appellee was indicted by a grand jury for disorderly conduct. Indiana Code § 35–45–1–3(2) defining such offense provides in pertinent part:

"A person who recklessly, knowingly or intentionally:

\*    \*    \*    \*    \*    \*

(2) makes unreasonable noise and continues to do so after being asked to stop;

\*    \*    \*    \*    \*    \*

commits disorderly conduct, a class B misdemeanor."

The indictment charged that appellee New did "recklessly make unreasonable noise and continue to make said noise after being asked to stop by Bruce Blazier."

At a pre-trial hearing upon appellee's motion to dismiss, the trial judge heard the testimony of Bruce Blazier, police officer of the Noblesville police department who made a sight arrest of appellee upon the charge. He testified that he arrived at the scene, which was behind ATF Auto Parts at 1501 South 10th Street in Noblesville, at approximately 1:45 p. m., on July 31, 1979. He encountered New; New's client, a Mr. Cox; ATF Auto Parts Manager Tim Haskett, who stood with his back to a padlocked door; and others. Mr. Cox had an unlit cutting torch in hand. There was some pushing and shoving, and the officer advised New and Cox that, to save problems, they should get a court order.

Although the record does not reflect explicitly what was causing this confrontation, there is some evidence which would permit the inference that Cox or New, or both of them, felt that Mr. Cox had been wrongfully dispossessed of property rented from one Jack Wilson.

Appellee New did not respond to the officer, but instructed his client to "cut the son of a bitch off," apparently referring to a padlock on a door. The officer told appellee that, if he did not stop cussing, the officer would be forced to arrest him for disorderly conduct; appellee's response was, "move him out of the way and cut the son of a bitch off". These words were also directed at appellee's client and apparently were an instruction that he should move Tim Haskett out of the way and use the cutting torch to sever the lock.

New's instructions were delivered loudly as "he was flittering his arms around and kind of dancing in a (five to six foot) circle and side to side" and when he made the second statement "he uh flung his arms out and pointed at what I thought was the lock."

The trial court, relying upon *Hess v. State*, (1973) 414 U.S. 105, 94 S.Ct. 326, 38 L.Ed.2d 303, sustained the motion to quash in the following order:

"The Court now having considered the evidence and arguments and briefs of

counsel now finds that the Motion should be granted, the Indictment quashed, and the defendant discharged.

The Court finds specifically:

1) That the indictment does not fail to charge the offense with sufficient certainty;

2) That I.C. 35–45–1–3(2) is neither unconstitutionally vague nor overbroad on its face; but

3) That I.C. 35–45–1–3(2), if applied in conformity with the Constitution of the United States, cannot prohibit the conduct in evidence in this case.

The conduct in controversy in this cause was speech intended as communication. The Court cannot find that this speech was obscene, that it could be characterized as 'fighting words', that it amounted to a public nuisance infringing on anyone's privacy, or that it was a clear incitement to any violence or obvious lawless action. Unless one of these categories may be applied to the conduct in issue, then, following *Hess v. Indiana,* (1973) 414 U.S. 105, 94 S.Ct. 326 [38 L.Ed.2d 303], this Court must find that our federal Constitution requires that the Indictment be quashed."

The State, as appellant, contends that the trial court erred in its application of *Hess* to the undisputed facts of the case at bar.

Before addressing the merits of the issue presented we note that the right of the State to appeal from the order is granted by Ind.Code § 35–1–47–2, which provides:

"Appeals to the Supreme Court may be taken by the state in the following cases:

First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement."

This statute does not govern the jurisdiction of this Court and the Courts of Appeal when the State exercises the right to appeal it grants. Since the judgment appealed from does not impose a sentence of death, life imprisonment or imprisonment for a term greater than ten years, the exercise of appellate jurisdiction is governed by specification in the rules of this Court pursuant to the authority and direction of Art. VII, § 4, of the Indiana Constitution. Indiana Rules of Appellate Procedure 4 governs the matter. *State v. Lee,* (1975) 164 Ind.App. 391, 331 N.E.2d 50.

This appeal does not fall within any of the categories in the rule of cases directly appealable to this Court. The judgment appealed from does not impose any sentence and does not deny post-conviction relief. The order appealed from does not constitute a declaration that the disorderly conduct statute is unconstitutional and does not therefore fall within the provisions of Ind.R.App.P. 4(A)(8). Indeed, the parties are in agreement that the statute is constitutional and has been properly construed by the trial court in arriving at its order. It is the application of the statute to the discrete circumstances of this case which is at issue in this appeal. The jurisdiction of this appeal therefore lies in the Court of Appeals. We do not however order this case transferred to the Court of Appeals, but exercise our inherent judicial authority to take jurisdiction of it in order to avoid further delay in its resolution.

In *Hess v. State, supra,* this Court's affirmance of a conviction for disorderly conduct was reversed, because the words of Hess, uttered while amidst a crowd of students demonstrating against the war in Viet Nam and blocking traffic in the street, and yelled out as he was confronted by police attempting to clear the street that "[W]e'll take the fucking street later," upon which the conviction was based was contrary to the guarantees of free speech. The Supreme Court pointed out that it had said in *Brandenburg v. Ohio,* (1969) 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed.2d 430, that:

"the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing *imminent* lawless action and is likely to incite or produce such action." (Emphasis added.) 395 U.S. at 447, 89 S.Ct. at 1829.

The court pointedly stated that Hess had not directed his statement to any particular person or group and at worst had advocated illegal action at some indefinite future time.

■ Here attorney New's exhortation, "Move him out of the way and cut the son of a bitch off" came after some pushing and shoving. Some physical violence had already occurred in the confrontation between the men. Tempers were stirred. The evidence is uncontradicted that New's statement was directed to Mr. Cox, his client. The words used would have been understood by any reasonable person hearing them as an encouragement to use physical force against Mr. Haskett to move him away from in front of the door and thereby make the way clear for the torch to be used on the lock. The words called for immediate action, and not action at some indefinite future time.

The conclusions are unavoidable. The clear import of appellee New's language was that it was intended to produce and likely to produce imminent disorder. *Hess, supra.* Appellee may or may not be guilty as charged; upon that question we express no view, as the general issue has not yet been tried. But the words spoken were a clear incitement to violent and forceful action. As such they are not entitled to the protection of the First Amendment to the United States Constitution so as to prohibit the State's assertion of the police power here. The trial court was in error in granting such protection.

Judgment reversed with instructions to permit the State to proceed with the prosecution of the case.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.