**STATE of Indiana, Plaintiff-Appellant,**

v.

**Rena WILLIAMS, Defendant-Appellee.**

**No. 3–982A252.**

Court of Appeals of Indiana, Third District.

Feb. 23, 1983.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Charles A. Asher, Michael A. Dvorak, South Bend, for defendant-appellee.

OPINION ON MOTION TO DISMISS

HOFFMAN, Presiding Judge.

This cause comes before the Court for consideration of defendant-appellee's motion to dismiss appeal and motion to strike brief.

The record reveals that on February 11, 1982, Rena Williams was charged by amended information with assisting a criminal, a class D felony. It was alleged that Williams had provided transportation and storage space for stolen merchandise by the use of an automobile under her control. Prior to trial on this charge, however, the trial court found the search of Williams' car to be unconstitutional and accordingly granted her motion to suppress all evidence and items obtained by the State during this search. The State appeals from this finding and contends that the trial court erroneously granted the motion to suppress. Williams claims that the State is precluded from bringing such appeal.

It should first be noted that appeals by the State are governed by statute. Ind. Code § 35–1–47–2 (Burns 1982 Supp.) reads:

"Appeals to the supreme court or to the court of appeals, if the court rules so provide, may be taken by the state in the following cases:

(1) From an order granting a motion to dismiss an indictment or information.

(2) From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

(3) From an order granting a motion to correct errors.

(4) Upon a question reserved by the state, if the defendant is acquitted.

(5) From an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

(6) From any interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(A) The appellant will suffer substantial expense, damage, or injury if the order is erroneous and the determination thereof is withheld until after judgment;

(B) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case; or

(C) The remedy by appeal after judgment is otherwise inadequate."

Williams seizes upon the introductory clause above and interprets this statute to be a limitation on the types of cases in which the Supreme Court of Indiana could adopt rules specifically authorizing appeals by the State. She therefore contends that the appeal in this instance is unauthorized as the Supreme Court of Indiana has adopted no specific enabling rule in the Rules of Appellate Procedure. This interpretation is fundamentally flawed, however, and would effectively frustrate the legislative intent of the statute.

The resolution of this issue can best be explained by referring to the statute as it appeared prior to the 1981 amendment, at which time it read:

"Appeals to the Supreme Court may be taken by the state in the following cases:

First. From a judgment for the defendant, on quashing or setting aside an indictment or information, or sustaining a plea in abatement.

Second. From an order or judgment for the defendant, upon his motion for discharge because of delay of his trial not caused by his act, or upon his plea of former jeopardy, presented and ruled upon prior to trial.

Third. From a judgment of the court arresting judgment.

Fourth. Upon a question reserved by the state."

Ind.Code § 35–1–47–2 (Burns 1979 Repl.). This version created some confusion, however, as to which appellate court the State should properly bring appeals. *State v. New* (1981), Ind., 421 N.E.2d 626; *State v. Lee* (1975), 164 Ind.App. 391, 331 N.E.2d 50. The 1981 amendment was therefore adopted for two purposes:

(1) to expand the limited instances in which the State may bring appeals, and

(2) to clarify the existing ambiguity in light of Ind.Rules of Procedure, Appellate Rule 4.

As such, the clause "if the court rules so provide" is intended to differentiate between the respective jurisdictions of the Supreme Court and the Court of Appeals, and thereby act as a guide to counsel for the State as to which appellate court the appeal should properly be filed with. The clause is not, as urged by appellee, intended to require the adoption of appellate court rules authorizing appeals by the State in circumstances such as the case at bar. This construction of the statute at issue would constitute improper judicial intrusion into the legislative mandate of Ind.Code § 35–1–47–2, *supra.*

■ Appellee further asserts that the trial court's order granting her motion to suppress is not an order the ultimate effect of which is "to preclude further prosecution." Ind.Code § 35–1–47–2(5) (Burns 1982 Supp.). She therefore contends that although the State would be hindered by not being able to utilize the suppressed evidence in its prosecution, it is not precluded or estopped from so prosecuting. On the contrary, however, this issue was adjudicated in *State v. Tindell* (1980), Ind., 399 N.E.2d 746, at 747, wherein the Supreme Court of Indiana held that:

> "[i]n some instances an order to suppress is an interlocutory order not appealable by the State. However, the suppression order in this case precluded the State from using principal items of evidence which were vital to the prosecution of the appellee. The ultimate effect of this order is to preclude further prosecution. Therefore, we deem the suppression order to be tantamount to a dismissal of the action and consequently appealable."

In the instant cause the trial court's order granted the motion to suppress as to all evidence and items obtained by the State and its agents during and following the search of Williams' automobile. This order effectively prevents the State from connecting Williams to the stolen items and other persons in her car, thereby precluding the State from proving the allegations in the charging information. As in *Tindell, supra,* the order is tantamount to dismissal and therefore appealable.

■ Appellee next contends that the State has not complied with Ind.Rules of Procedure, Trial Rule 59(G), by including within its motion to correct errors "a statement of the facts and grounds upon which the errors are based." However, the State's motion incorporates by reference two separate memoranda which had been filed with the trial court, both of which clearly set forth the facts and grounds of the claimed error. Such incorporation is sufficient to meet the requirements of Trial Rule 59. *State v. Cox* (1978), 177 Ind.App. 47, 377 N.E.2d 1389.

■ Lastly, Williams contends that the State's brief should be struck from the file because this is an interlocutory appeal in which the brief of the appellant should have been filed within ten days after the record was filed. Ind.Rules of Procedure, Appellate Rule 8.1(B). This argument erroneously presupposes that the State is bringing an interlocutory appeal under Ind.Code § 35–1–47–2(6) (Burns 1982 Supp.). As noted above, the trial court's order granting Williams' motion to suppress is tantamount to a dismissal of the action and therefore appealable as a final judgment under subsection (5) of the statute. The record in this cause was filed on September 17, 1982, and appellant's brief was timely filed on September 29, 1982.

For all of the foregoing reasons appellee's motion to dismiss appeal and motion to strike brief are denied. The appeal is proper and should proceed on its merits.

STATON, J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

When the legislature amended IC 35–1–47–2 concerning appeals by the state in criminal actions it apparently followed the lead of *State v. Tindell* (1980), Ind., 399 N.E.2d 746. Unfortunately in doing so it failed to recognize the subjective nature of the court's evaluation when it decided that "[t]he ultimate effect of this order [to suppress] is to preclude further prosecution."

Obviously, and as appellant before us argues, granting the motion to suppress does not legally preclude the state from proceeding with the prosecution, although without the suppressed evidence it may have virtually no chance to prosecute successfully.

On the other hand, it clearly appears to have not been the legislature's intent under subparagraph (5) of the statute to permit appeals by the state of any suppression order with the result that when the state loses an appeal it may decide to continue the prosecution anyway on the evidence still available.

Accordingly, I believe we must accept the state's assertion in taking such an appeal that the ultimate effect of the order of suppression is to prevent further prosecution. The state is then entitled to the appeal. The formal assertion by the state, however, should constitute a judicial admission for purposes of the prosecution in question and if the appeal is lost the state should then be precluded or estopped from further prosecution in the cause.

On this basis I concur with the majority.