**STATE of Indiana, Appellant–Plaintiff,**

v.

**Stephanie S. VOIT, Appellee–Defendant.**

No. 02A03–9607–CR–251.

Court of Appeals of Indiana.

May 27, 1997.

Pamela Carter, Attorney General, Michael K. Ausbrook, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Gregory L. Fumarolo, Fort Wayne, for Appellee–Defendant.

## OPINION

STATON, Judge.

The State of Indiana brings this appeal pursuant to IND.CODE § 35–38–4–2(5) (1993) contesting the trial court's grant of Stephanie Voit's motion to suppress illegally seized evidence. The State raises the sole issue of whether the trial court erred by granting the motion to suppress.

We reverse.

On September 28, 1995, Officers Reed and Bedwell of the Fort Wayne Police Department were requested by officers from the Vice and Narcotics division to be on the lookout for a burgundy Chevrolet. Shortly thereafter, Reed and Bedwell spotted a burgundy Chevrolet driven by Voit. The officers followed the Chevrolet, paced it at forty miles per hour in a thirty mile per hour zone and pulled the car over.

Officer Reed testified that when he approached the car, he thought he smelled a faint odor of alcohol. Officer Reed asked Voit if she had been drinking or if she had any open containers in the car. Voit responded that she had not been drinking nor did she have any open containers. Officer Reed asked if he could search the car for open containers, and Voit consented.

While Officer Reed was searching the interior of the car, Voit stood at the rear of the car with Officer Bedwell. Officer Bedwell asked Voit if she had any weapons. Voit said she did not and opened her purse for examination. Officer Bedwell observed the tops of some plastic bags in Voit's purse and asked her what was in the bags. At this point, Voit fled the scene, but was quickly apprehended. She was placed under arrest for resisting law enforcement. A search of her purse revealed that the plastic bags contained marijuana and cocaine. The trial court suppressed this evidence as the result of an unconstitutional search and seizure. Statements Voit made to the police were also suppressed as fruit of the poisonous tree.

■ Before turning to the merits of this appeal, it is necessary to address a procedural issue. The State is appealing pursuant to IC 35–38–4–2(5). After the trial court suppressed the drugs and Voit's statements, the State dismissed the charges without prejudice. IC 35–38–4–2(5) provides that the State may appeal from an order to suppress evidence, "if the ultimate effect of the order is to preclude further prosecution." Voit claims that because the motion to dismiss does not expressly state that further prosecution is precluded, we have no jurisdiction to hear this appeal. We find no merit to this argument. The *ultimate effect* of the order is the gravamen of the right to appeal, not whether the State has complied with any particular semantic requirement. *See State v. Tindell,* 272 Ind. 479, 399 N.E.2d 746 (1980); *State v. Williams,* 445 N.E.2d 582 (Ind.Ct.App.1983). In this case, all the drugs seized from Voit and Voit's statements to the police were suppressed. It is abundantly clear that the ultimate effect of this ruling precludes further prosecution for any alleged drug-related activity.

■ We now turn to the merits of this appeal. When we are evaluating the propriety of a warrantless search under the Fourth Amendment of the United States Constitution, we accept the factual findings of the trial court unless they are clearly erroneous. *Ornelas v. United States,* —— U.S. ——, ——, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Brown v. State,* 653 N.E.2d 77, 81 (Ind.1995). Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *Matter of Estate of Banko,* 622 N.E.2d 476, 481 (Ind.1993), *reh. denied.* When determining whether the findings are clearly erroneous, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. *Id.* We will not judge witness credibility or reweigh the evidence. *Id.* However, the ultimate determination of whether reasonable suspicion or probable cause exists is reviewed *de novo. Ornelas, supra,* at ——, 116 S.Ct. at 1663; *Brown, supra,* at 81.

■ The record is not entirely clear as to the precise basis of the trial court's ruling.

Voit contends the trial court found that there was no speeding violation to justify the initial stop. The evidence adduced at the hearing shows that the distance from the point Voit passed the officers until Voit turned off the road was a matter of four or five blocks. Within this distance, the officers testified that they managed to exit the lot where they were parked, establish a tail of Voit approximately two blocks behind her and pace her at a speed of forty miles per hour. The trial court was intimately familiar with this stretch of road, traveling it on a regular basis. It is clear from the record that the trial court found the officer's testimony to be of dubious credibility, at best. However, nowhere in the record is there a finding that Voit was not speeding. In fact, at one point the court stated "I'm not saying they're lying" while discussing the officers' testimony. Record at 98. Instead of supporting the contention that the trial court found no speeding violation, a reading of the record reveals that the trial court's ruling was based on the fact that this traffic stop was only a pretext to investigate drug activity.

■ The constitutionality of pretextual traffic stops has recently been addressed by the Supreme Court in *Whren v. United States,* —— U.S. ——, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) and by this court in *State v. Hollins,* 672 N.E.2d 427 (Ind.Ct.App.1996), *trans. denied.*

'Not only have we never held, outside the context of inventory search or administrative inspection . . ., that an officer's motive invalidates objectively justifiable behavior under the Fourth Amendment; but we have repeatedly held and asserted the contrary.' Accordingly, '[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.' Thus, a police officer's subjective motives are irrelevant in Fourth Amendment analysis, and a stop will be valid provided there is an objectively justifiable reason for it. If there is an objectively justifiable reason for the stop, then the stop is valid whether or not the police officer would have otherwise made the stop but for ulterior suspicions or motives.

*Hollins, supra,* at 430–31 (citations omitted).

Turning to the facts of this case, the actions of Officers Reed and Bedwell, in pulling

Voit over for speeding, comported with the Fourth Amendment of the United States Constitution. That these officers were specifically watching for Voit and their primary motivation in pulling her over may have been to investigate drug activity does not convert a valid traffic stop into an unconstitutional search and seizure. *Whren, supra,* at ——, 116 S.Ct. at 1774; *Hollins, supra,* at 431. The trial court erred by suppressing the State's evidence as the result of a pretextual traffic stop.

The trial court also suppressed statements Voit made to the police as fruit of the poisonous tree. Having concluded that there is no poisonous tree, Voit's statements are admissible.

We reverse the grant of Voit's motion to suppress.[1]

Reversed.

HOFFMAN, J., concurs.

NAJAM, J., dissents with separate opinion.

NAJAM, Judge, dissenting.

I respectfully dissent. While I agree with the majority's statement of the law, I cannot agree with its conclusion that the trial court erred when it suppressed the State's evidence. The majority reasons that the trial court's decision to suppress the evidence was based upon the fact that the traffic stop was a pretext to investigate drug activity. There is no question that when there is an objectively justifiable reason for a stop, the stop is valid even if the police officer making the stop has ulterior suspicions or motives. *Hollins,* 672 N.E.2d at 431. Thus, a lawful stop for a bona fide traffic violation, even if pretextual, can lead to the lawful seizure of contraband.

Here, the record shows that the trial court understood and correctly applied the law.

Although the court did not enter formal findings, at the suppression hearing it stated:

> I hate these pretext stop allegations, because it seems to be that they're more fact sensitive than anything ... I've had situations where they followed them for blocks and waited 'till they made a left or right-hand turn without using their turn signal *and I've upheld that.*

Record at 100–01 (emphasis added). However, despite its previous rulings that upheld pretextual traffic stops, the court suppressed the evidence in this case.

The trial court displayed a personal knowledge of the streets involved in this stop. The area was at most five city blocks in length, and the court doubted that the officers had enough time to "pace" Voit's car. The court challenged:

> I don't know how they can catch up to the car, put a distance between it like Officer Reed said, follow it for a long enough period of time to get an accurate read ... [p]articularly, if she's making a left-lane turn ... she's going to be slowing down, unless she's going to go on two wheels if she turns.

Record at 98–99. Considering the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence, it is apparent that the trial court did not believe the testimony that Voit had committed a traffic violation. As the majority acknowledges, the court noted the demeanor of one officer who testified and doubted his testimony.[2] Our supreme court has indicated that where suppression is an issue and the trial court makes a determination that the evidence should be suppressed based upon the credibility of witnesses, we must give the trial court deference as the trier-of-fact. *Foreman,* 662 N.E.2d at 931–32 (upheld trial court's grant of motion to suppress where trial court was not persuaded that police held reasonable belief they had obtained valid consent to search locked room).

---

1. Voit also made arguments to the trial court concerning the validity of the search of her purse after she was caught fleeing the police. However, the trial court did not rule on this line of argument and we will not address it on appeal.

2. Officer Reed was asked why he decided to pace the car. He answered, "You mean for legality reasons?" Record at 67. The trial court later commented, "But I saw him visibly smile, I think, when the officer said that." Record at 103.

The majority contends that the record is not clear as to the precise basis of the trial court's ruling. I cannot agree. The trial court clearly expressed its disbelief in the State's account of events leading up to the stop. That is enough. We may reverse the judgment of the trial court only where the uncontradicted evidence will support no reasonable inference in favor of the ruling. *State v. Jorgensen,* 526 N.E.2d 1004, 1006 (Ind.Ct.App.1988); *see Hollins,* 672 N.E.2d at 430–31 (stop justified where trial court expressly found defendant committed traffic violation).

The trial court had upheld previous traffic stops where the primary motivation for the stop was to investigate drug activity. The court did not suppress the evidence because the traffic stop was a pretext to investigate drug activity but rather because the State's claim of a traffic violation as the lawful predicate for the stop was not credible. The court's finding was not clearly erroneous, and we should not substitute our judgment for that of the trial court on this question.

Trial judges who preside over criminal dockets are required to hear many motions that seek the suppression of evidence, and they will eventually run across an illegal search or seizure. *See* Stephen B. Bright, *Political Attacks on the Judiciary,* 80 JUDICATURE 165, 170 (1997). In such cases, if the judge follows his oath, he is required to suppress evidence. *Id.* In this case, the trial judge noted that he rarely granted motions to suppress.[3] His decision to suppress the evidence in this case was the result of his considered judgment.

Accordingly, I would affirm the trial court's order granting Voit's motion to suppress evidence obtained as a result of the State's warrantless search.

---

**3.** The judge stated:
 I will grant—grant? I don't do this often enough to know. I guess it's grant your motion to suppress.