STATE of Indiana, Appellant–Plaintiff,

v.

Tony A. AYNES, Appellee–Defendant.

No. 53A05–9903–CR–141.

Court of Appeals of Indiana.

Aug. 31, 1999.

Rehearing Denied Nov. 15, 1999.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

Patrick Schrems, Bloomington, Indiana, Attorney for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

The State charged Tony Aynes with Child Molesting, a Class A felony. Aynes entered a plea of not guilty and then filed a motion to suppress the videotaped statement he had given to police before he was charged. After a hearing, the trial court found that the police had interrogated Aynes without giving him *Miranda* warnings and granted his motion to suppress. The State filed a motion to reconsider, which the court denied. The court then granted the State's motion to dismiss the charge against Aynes without prejudice. The State now appeals pursuant to Indiana Code Section 35–38–4–2(5).

We affirm.

### ISSUES

The State raises one issue for review, and Aynes raises a procedural issue. We restate those issues as:

1. Whether the State has the right to appeal under Indiana Code Section 35–38–4–2(5) where there is other evidence available for prosecution.

2. Whether the trial court abused its discretion when it granted Aynes' motion to suppress.

## FACTS

On August 20, 1997, Monroe County Sheriff's Department Detective Brad Swain went to the business where Aynes worked and informed Aynes that "an allegation" had been made against him. Detective Swain asked Aynes to come to the Sheriff's Department after work to discuss the allegation. Aynes immediately made arrangements with his employer to go to the Sheriff's Department. Once Aynes arrived, Swain led him to an interview room located in a non-public area. Swain informed Aynes that it had been alleged he had a sexual relationship with a twelve-year-old family friend, J.W. Aynes repeatedly denied the allegation.

Swain then indicated to Aynes that the police had potential access to DNA evidence which could be taken from J.W.'s underwear or bedding. Swain explained that DNA evidence was "better than fingerprints." He then told Aynes that from what he had gathered from his investigation, he believed that Aynes had engaged in a "consensual" sexual relationship with J.W. Swain also stated that Aynes needed to tell his side of the story at that time because, should the DNA evidence later identify him as the perpetrator, it would be "too late." Swain assured Aynes that he would not charge him with a crime on that day.

Approximately thirty minutes into the interview, Aynes admitted to having "consensual" sexual intercourse with J.W. At the conclusion of the interview, Swain asked Aynes if he would be willing to give a written statement. Aynes responded that it would be difficult for him to give a written statement because he had trouble reading. Aynes was then allowed to leave the Sheriff's Department.

The following day, Swain executed a probable cause affidavit. On September 11, 1997, the court issued a warrant for Aynes' arrest. Aynes was arrested and charged with child molesting, as a Class A felony. Aynes filed a pre-trial motion to suppress the videotaped statement, which the court granted. The State now brings this appeal.

## DISCUSSION AND DECISION

### Issue One: Right to Appeal

■■ Aynes first argues that this court lacks jurisdiction to hear the State's appeal. The right of the State to appeal in a criminal action is statutory and, unless there is a specific grant of authority by the legislature, the State cannot appeal. *State v. Huebner*, 233 Ind. 566, 567, 122 N.E.2d 88, 89 (1954). Indiana Code Section 35–38–4–2(5) allows the State to appeal from an order granting a motion to suppress evidence, if the ultimate effect of the order is to preclude further prosecution.

■ Aynes first contends that we lack jurisdiction to hear this appeal because of the State's failure to assert expressly, either to the trial court or on appeal, that the trial court's suppression order had the ultimate effect of precluding further prosecution. In a concurring opinion in *State v. Williams*, 445 N.E.2d 582, 585 (Ind.Ct.App.1983), Judge Garrard considered the State's right to appeal from an order granting a motion to suppress and stated, "[W]e must accept the state's assertion in taking such an appeal that the ultimate effect of the order of suppression is to prevent further prosecution." More recently, this court determined that "[t]he *ultimate effect* of the order is the gravamen of the right to appeal, not whether the State has complied with any particular semantic requirement." *State v. Voit*, 679 N.E.2d 1360, 1362 (Ind.Ct.App.1997). We agree with Judge Garrard's concurring opinion in *Williams* and with our opinion in *Voit* that, by initiating an appeal from a motion to suppress evidence, the State necessarily represents to the trial and appellate courts that it cannot prosecute the defendant without the suppressed evidence. We can discern no reason why an express statement to that effect is necessary. Therefore, we conclude that the State is not required to state or explain that the trial court's suppression order has the ultimate effect of precluding further prosecution. The act of initiating the appeal pursuant to Indiana Code Section 35–38–4–2(5) is sufficient.

■ Aynes also maintains that the State's appeal should be dismissed because there is other evidence available for prosecution. Specifically, Aynes directs us to Detective Swain's probable cause affidavit which states that he interviewed the victim and two other witnesses who could provide testimony consistent with the victim's allegations. Because the testimony of the victim alone is sufficient to sustain a child molesting conviction, *see Heeter v. State*, 661 N.E.2d 612, 616 (Ind.Ct. App.1996), Aynes argues that the State improperly invoked Indiana Code Section 35–38–4–2(5).

■ Despite Aynes' contention, we will not weigh the sufficiency of the evidence available for the State to continue prosecution of a defendant. Nor will we second-guess the State's determination that the trial court's suppression "order is tantamount to a dismissal and therefore appealable." *Williams*, 445 N.E.2d at 584 (citing *State v. Tindell*, 272 Ind. 479, 399 N.E.2d 746, 747 (1980)). It is not the role of the Court of Appeals to review the evidence available to the State and make an independent determination whether prosecution is possible without the suppressed evidence. Such decisions are strategic in nature and rest with the attorneys representing the State in each case.

■ It is clear from the text of the statute, however, that our legislature did not intend for subsection (5) "to permit appeals by the state of *any* suppression order with the result that when the state loses an appeal it may decide to continue the prosecution anyway on the evidence still available." *Id.* at 585 (Garrard, J., concurring) (emphasis added). The clear and unambiguous language of subsection (5) states that the State may appeal a suppression order only "if the ultimate effect of the order is to preclude further prosecution." IND.CODE § 35–38–4–2(5). It follows that the State's initiation of the appeal constitutes a "judicial admission" that prosecution cannot proceed without the suppressed evidence. *Williams*, 445 N.E.2d at 584. Thus, if the trial court's order of suppression is affirmed on appeal, the State is precluded from further prosecution in that cause. *Id.*

In this case, the State sought to pursue an appeal under subsection (5) even though it

had other evidence available for use in its prosecution of Aynes. Presumably J.W. could testify at trial, in addition to the other witnesses interviewed by Detective Swain. Given the availability of other evidence, we question the State's decision to appeal. It is not our prerogative, however, to rule on the State's determination that prosecution cannot proceed without the suppressed evidence. We conclude that the State has the right to appeal and that we have jurisdiction under Indiana Code Section 35–38–4–2(5).

### Issue Two: Motion to Suppress

We now turn to the merits of the State's appeal. The State argues that the trial court abused its discretion when it granted Aynes' motion to suppress his videotaped statement. In particular, the State asserts that Aynes was not in custody when he gave his statement and, thus, that Detective Swain was not required to provide him with *Miranda* warnings.

In reviewing a motion to suppress, we do not reweigh the evidence, but determine if there is substantial evidence of probative value to support the trial court's ruling. *Carter v. State,* 686 N.E.2d 1254, 1258 (Ind.1997). We look to the totality of the circumstances and consider all uncontroverted evidence together with conflicting evidence that supports the trial court's decision. *Haviland v. State,* 677 N.E.2d 509, 513 (Ind. 1997).

*Miranda* warnings are based upon the Fifth Amendment Self–Incrimination Clause and were designed to protect an individual from being compelled to testify against himself. *Curry v. State,* 643 N.E.2d 963, 976 (Ind.Ct.App.1994), *trans. denied.* However, the procedural safeguards of *Miranda* apply only when an individual is subjected to custodial interrogation. *Id.* Therefore, police officers are not required to give a defendant *Miranda* warnings unless the defendant is both in custody and subject to interrogation.

In order to be in custody for purposes of *Miranda,* one need not be placed under formal arrest. *Thompson v. State,* 692 N.E.2d 474, 476 (Ind.Ct.App.1998). Instead, the determination is based upon whether the individual's freedom has been deprived in a significant way or if a reasonable person in the accused's circumstances would believe that he is not free to leave. *Id.; Cliver v. State,* 666 N.E.2d 59, 66 (Ind.1996). A court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry regarding custody is whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest. *Stansbury v. California,* 511 U.S. 318, 322, 114 S.Ct. 1526, 1528–29, 128 L.Ed.2d 293, 298 (1994). "[A]n officer's views concerning the nature of an interrogation, or beliefs concerning the potential culpability of the individual being questioned, may be one among many factors that bear upon the assessment whether that individual was in custody, but only if the officer's views or beliefs were somehow manifested to the individual under interrogation and would have affected how a reasonable person in that position would perceive his or her freedom to leave." *Id.* at 325, 114 S.Ct. at 1530, 128 L.Ed.2d at 300.

Detective Swain testified at the suppression hearing that he went to Aynes' place of employment on August 20, 1997, identified himself as a detective and explained to Aynes that a criminal allegation had been made against him. Swain then asked if Aynes would come to the Sheriff's Department to talk about it. Aynes agreed and immediately drove himself to the Sheriff's Department.

After Aynes arrived, Swain led Aynes through the lobby to a small interview room. The area in which the interview room was located was not open to the public. Aynes had to be "buzzed through" to enter or exit the area. Once the interview began, Swain informed Aynes that it had been alleged that Aynes had engaged in a "consensual" sexual relationship with J.W., a twelve-year-old family friend. Aynes denied the allegation, stating, "I have never done anything like that. Never." As the interview proceeded, Swain told Aynes that, from what he had gathered during his investigation, he believed that Aynes had engaged in the alleged behavior. Aynes eventually confessed to having sexual intercourse with J.W.

The facts in this case are analogous to the facts in both *Dickerson v. State,* 257 Ind. 562, 276 N.E.2d 845 (1972), and *Johnson v. State,* 484 N.E.2d 49 (Ind.Ct.App.1985). In *Dickerson,* the defendant had gone to the police station for personal reasons when an officer stopped him in the hallway and informed him that a complaint had been filed against him. *Dickerson,* 257 Ind. at 566, 276 N.E.2d at 847. Although the defendant had not been placed under arrest, the police led him to an interrogation room for questioning. *Id.* The officer who questioned the defendant was aware of the nature of the complaint filed, the identity of the alleged victim, and also knew that the victim had identified the defendant as the assailant. *Id.* at 566–67, 276 N.E.2d at 847–48. Given these circumstances, our supreme court determined that the defendant was in custody for purposes of *Miranda. Id.* at 567, 276 N.E.2d at 848. Similarly, this court held in *Johnson* that where the defendant appeared at the police station at the request of police and, after having been identified as the perpetrator, was questioned in an interview room in the police station, the circumstances were sufficient to trigger *Miranda. Johnson,* 484 N.E.2d at 51.

▮ Here, Aynes' interrogation was initiated by Detective Swain and conducted in an interrogation room within a secured area of the Sheriff's Department. Swain had already focused his investigation exclusively on Aynes. Although his manner was congenial, the detective told Aynes that he believed Aynes was culpable and suggested the State had access to physical evidence that would prove it. Aynes' interrogation under these circumstances constituted a significant deprivation of freedom sufficient to require *Miranda* warnings. *See Dickerson,* 257 Ind. at 567, 276 N.E.2d at 848. The State has not shown that the trial court abused its discretion when it granted Aynes' motion to suppress.

▮ Still, the State asserts that *Miranda* warnings were not required because Detective Swain did nothing that would have led Aynes to believe that he was not free to leave. In particular, the State points out that Swain told Aynes during the interview

that he would not be arrested on that day and that Aynes left the Sheriff's Department at the conclusion of the interview. Despite the State's contention, a law enforcement officer cannot circumvent the *Miranda* rule simply by telling a defendant during an interrogation that he will not be placed under arrest at that time. As we have stated, a defendant does not necessarily have to be under arrest before a duty to give *Miranda* warnings will attach. *See Thompson,* 692 N.E.2d at 476.

The circumstances surrounding the interrogation in this case support the conclusion that *Miranda* warnings were required. In short, Aynes came to the Sheriff's Department at Detective Swain's request after Swain had informed him that "an allegation" had been made against him. The interview took place in a small interrogation room, where Swain told Aynes he believed the allegations were true. Detective Swain did not inform Aynes that he was free to leave or that he did not have to answer questions. It was only after Swain's skillful interrogation had produced a confession that he told Aynes, "You might want to talk to an attorney."

The evidence, including the videotape, supports a conclusion that Aynes was subject to custodial interrogation. The State invites us to reweigh the evidence presented at the suppression hearing, a prerogative we will not exercise on appeal. We conclude there was substantial evidence to support the trial court's determination and that the court did not abuse its discretion when it suppressed the videotaped statement.

## CONCLUSION

▮ When the State appeals under Indiana Code Section 35–38–4–2(5), it is not required to assert expressly that the trial court's suppression order has the ultimate effect of precluding further prosecution. By invoking the statute, the State represents that the suppressed evidence is vital to the prosecution and that further prosecution is precluded without it. We will not evaluate the evidence available to the State or second-guess the State's strategic decision to bring the appeal. However, the statute does not

authorize interlocutory appeals from suppression orders that are not tantamount to a dismissal of the action. If the State invokes the statute and we affirm the suppression order on appeal, the State may not continue the prosecution on the remaining evidence. Because we have affirmed the trial court's order which suppressed Aynes' videotaped statement, the State is barred from further prosecution in this cause.

Affirmed.

STATON, J., and RUCKER, J., concur.