MAVERICK TRENT WARE *v.* STATE OF INDIANA.

[No. 977S694.  Filed June 20, 1978.]

*George Glendening,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Maverick Trent Ware, was convicted by a jury on two counts of rape and sodomy. He

now appeals raising the issue of the competency of the complaining witness. Two other issues are waived because defendant has cited no authority and presented no argument on them.

The facts from the record most favorable to the state reveal that the complaining witness, age 28, came home late one night from church. She called her boyfriend and made plans to walk over to see him. As she left her house, she met the defendant who was coming through the backyard. She had known the defendant before. At this time she testified he told her to have sex with him and that "he was going to blow my brains out" if she tried to resist. He slapped, hit and kicked her in the face and chest. He committed both rape and sodomy.

Although the witness was 28 years old, her psychiatrist testified that she was "borderline" mentally retarded which meant she had a mental age of seven to nine years. She had "graduated" from a special school and had held a job. At the hearing to determine if she was competent to testify, she stated that she knew the difference between telling the truth and telling a lie. She stated that she knew that people who tell lies "go to prison." Her psychiatrist stated that she was very consistent in expressing her complaint. He defined "borderline mentally retarded" as meaning that her educational adherent and judgment were average but her capacity for abstraction was poor. He stated that he thought she would understand what it meant to swear to tell the truth. After the court had heard both direct and cross-examination of the psychiatrist and the witness, the court found the witness to be competent to testify.

Defendant contends that the trial court abused its discretion in finding this witness competent. Defendant further contends that one section of Ind. Code § 34-1-14-5 (Burns 1973) regarding the competency of children should apply to this witness since she had a "mental age" of seven to nine

years.[1] However, the defendant cites no cases in support of this second contention.

It is clearly established in Indiana that any person ten years of age or older is presumed to be competent to testify in a criminal case. *Jethroe* v. *State,* (1974) 262 Ind. 505, 319 N.E.2d 133. The defendant has the burden of establishing that the witness it not competent. *Wedmore* v. *State,* (1957) 237 Ind. 212, 143 N.E.2d 649. The competency of a challenged witness is to be decided by the trial court as a matter of law. *Kimble* v. *State,* (1974) 262 Ind. 522, 319 N.E.2d 140. This issue of competency is not to be confused with the credibility of a witness, as credibility is to be determined by the jury. *Kimble, supra.*

It is the general rule that unsoundness of mind does not per se render a witness incompetent. The test of competency of a witness is whether the witness has sufficient mental capacity to perceive, to remember and to narrate the incident he has observed and to understand and appreciate the nature and obligation of an oath. *Grecco* v. *State,* (1960) 240 Ind. 584, 166 N.E.2d 180; *Wedmore, supra*; M.J. SEIDMAN, THE LAW OF EVIDENCE IN INDIANA, 1977, p. 78.

When the trial court has passed upon the issue of competency of a witness and has found the witness to be competent, the reviewing court will interfere only if a manifest abuse of discretion appears. *Morris* v. *State,* (1977) Ind. App., 360 N.E.2d 1027, *Grecco* v. *State, supra.*

In the instant case where the trial court personally examined the witness and found that she knew what "to tell the truth" means, knew she would be punished if she didn't

---

1. *"34-1-14-5. Who are incompetent.*—The following persons shall not be competent witnesses:

\*   \*   \*

"Second.   Children under ten [10] years of age, unless it appears that they understand the nature and obligation of an oath."

tell the truth, and was very consistent in relating the events that had occurred, there was no abuse of discretion in finding the witness to be competent to testify.

For all the foregoing reasons there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 376 N.E.2d 1150.