**Michael D. JONES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1182S411.

Supreme Court of Indiana.

June 29, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from the conviction for child molesting, a class B felony, Ind.Code § 35–42–4–3(a). Appellant waived jury trial and the case was tried before the court. Appellant was sentenced to a fifteen year term.

Defendant raises three issues on appeal: (1) whether the trial court erred in finding the five year old daughter and the ten year old son to be competent witnesses in spite of their age and defendant's allegation that they had been rehearsed; (2) whether the defendant's confession was voluntary, or was a product of threats, promises and coercion; (3) whether the court erred in denying the defendant's Motion for Directed Verdict.

These are the facts that tend to support the determination of guilt. On Friday, February 19, 1982, Josie Gibbs, then five years old, was taken into the bedroom by her father, Michael D. Jones, the defendant. Defendant told her to pull down her pants and she complied. He unzipped his pants and forced her to put her mouth on his penis. Defendant then kissed or licked her vaginal area. After the incident, she told her brother what had happened. After his arrest, defendant waived his rights and gave a taped statement in which he confessed to molesting his five year old daughter, his ten year old son, and another daughter on several occasions.

I.

Appellant argues that the court erred in finding the five year old daughter and the ten year old son competent witnesses. The ruling of the trial court is presumed to be valid on appeal. Once the trial court has found the witness to be competent, a reviewing court will only reverse the trial court's decision if there is "a manifest abuse of discretion." *Ware v. State*, (1978) 268 Ind. 563, 376 N.E.2d 1150.

Under Ind.Code § 34–1–14–5, a witness under ten years of age is presumed to be incompetent unless it appears that the child understands the nature of the obligation of an oath to tell the truth. The statutory imposition of incompetency for witnesses under the age of ten is removed if:

the trial court can find: (1) that the child knows the difference between telling the truth and telling a lie, and (2) that the child realizes that he or she is under some compulsion to tell the truth. The compulsion to tell the truth need not be fear of punishment.

*Johnson v. State*, (1977) 265 Ind. 689, 359 N.E.2d 525; *Fox v. State*, (1980) Ind.App., 413 N.E.2d 665, 666.

The trial court found the five year old daughter to be a competent witness. The portion of the competency hearing, which was the basis of the trial court's ruling that she was a competent witness, is here set out:

"BY MR. MORRISSON:

Q. Now, why don't you tell the Judge your name.

A. J.K.G.

Q. .... And how old are you?

A. Five.

Q. Okay. Now do you know the difference between telling the truth and not telling the truth?

A. Yeah.

Q. Okay. If you were here like you are, and you told the Judge who's sitting up there—do you see the Judge up there? Alright, you told the Judge I was wearing a bright red suit, okay, today that I was wearing a bright red suit, would that be the truth or would that be not the truth?

A. It would not.

Q. Okay, because I'm not wearing a red suit am I?

A. No.

Q. Do you understand that you have to tell the truth when you are asked questions when you sit in the witness chair?

A. (No response)

Q. Do you understand that?

A. Yes.

Q. And do you intend on, only telling the Judge the truth?

A. Yes.

Q. Okay.

Q. Josie, do you know what the difference is between telling the truth and a lie?

A. Yes.

Q. Do you know what happens to people that tell lies?

A. They get in trouble.

Q. Do you want to get in trouble?

A. No."

There was sufficient evidence upon which the trial court could have found the witness competent. The trial court did not err in finding the witness competent.

■ After the trial court declared her to be competent and after she testified, appellant renewed his objection that she was incompetent on the grounds that her testimony was confused and rehearsed. However, questions asked after the trial court's ruling of the competency of a child witness, especially questions on the merits, cannot be used to undermine the ruling of competency. They go to the credibility of the witness and influence the weight given to that testimony by the trier of fact. *Martin v. State*, (1969) 251 Ind. 587, 244 N.E.2d 100, 103. The trial court did not err in denying the objection.

■ In addition, appellant objected to the testimony of the ten year old son on the grounds that it was rehearsed. However, he did not fall within the purview of Ind. Code § 34–1–14–5, as he was not under the age of ten, he was exactly ten years old when this case came on for trial. Therefore, he was presumed to be a competent witness. In *Jethroe v. State*, (1974) 262 Ind. 505, 319 N.E.2d 133, defendant argued that a fourteen year old witness' testimony should be excluded because the girl had been influenced by others.

"His first contention is that the testimony of Diane Roundtree, age fourteen, ought not to be admitted ... because her testimony may have been influenced by the deceased's mother. It is well established that any person ten years of age or older is competent to testify in a criminal case.... Her credibility was to be determined by the jury."

*Id.* 319 N.E.2d at 136. Again, once a witness is declared competent, the issue of credibility is to be determined by the trier of fact. The trial court did not err in denying the objection.

### II.

Appellant argues that his confession was not voluntary and was a product of threats, promises and coercion. When defendant was arrested on Monday, February 22, 1982, he was questioned on tape by Detective Dennis Kraezig. Prior to taping, defendant initially denied molesting his five year old daughter, but later in the interview, he admitted that on three or four occasions in the past he had kissed her vaginal area. Defendant also admitted that he had involved his ten year old son in similar sexual activities. The ten year old son had been made to place his mouth on the defendant's penis. Defendant estimated that those incidents had taken place about three years previous to his arrest.

At trial, the ten year old son confirmed the incidents and the approximate time.

At trial, defendant denied that there was any truth in the recorded statement, and he testified that he was under the influence of drugs at the time of the taped confession. Also, defendant claimed that he had been told that the only way he could keep from going to jail was to make a taped statement saying that he did the things he recorded on tape. Detective Kraezig testified that the defendant looked sound. Furthermore, Detective Kraezig denied that he told the defendant that he could keep from going to jail by recording a statement.

■ On appeal, the trial court's finding of voluntariness of a confession will not be disturbed if there is substantial, though conflicting evidence to support the ruling. *Grey v. State*, (1980) 273 Ind. 439, 404 N.E.2d 1348; *Middleton v. State*, (1979) 181 Ind.App. 232, 391 N.E.2d 657. The evidence here was sufficient to warrant the ruling here that defendant was coherent and that his confession was freely self-determined and not the product of promises or threats, beyond a reasonable doubt.

### III.

■ Finally, appellant argues that the court erred in denying his motion for directed verdict. A directed verdict should be granted only where there is a total absence of evidence on a certain issue or where the evidence is without conflict and leads to only one inference, which is in favor of the accused. *Norton v. State*, (1981) 273 Ind. 635, 408 N.E.2d 514. Moreover, the production of evidence by the defendant at trial following the denial of such a motion is deemed to waive any error in the ruling. *Miller v. State*, (1981) Ind., 417 N.E.2d 339. The defense made that election here, and moreover, the evidence, recited above, as a whole, was clearly sufficient to convict.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.