Clarence JOHNSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–585A112.

Court of Appeals of Indiana,
Third District.

Oct. 23, 1985.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Presiding Judge.

Clarence Johnson was convicted of two counts of child molesting,[1] and asks this Court to review:

I. Whether the trial court erred in denying Johnson's motion to suppress two statements that he made to the police.

II. Whether the trial court erred in finding that the two victims, both under ten years of age, were competent to testify.

III. Whether the trial court erred in excluding Johnson's Exhibits "A" and "E" from evidence.

IV. Whether the evidence was sufficient to sustain the conviction on each count.

Affirmed.

### I.

#### Motion to Suppress

Johnson argues that the trial court erred in denying his motion to suppress two written statements that he gave to the police. At a pre-trial suppression hearing, Detective Ronald Lapp testified that he had asked Johnson to go to the Detective Bureau and Johnson did so on May 9, 1984. Lapp and Detective Carl Alfeld met Johnson in the hallway and took him to an interview room in the Bureau. Lapp gave Johnson a copy of a *Miranda* rights form, and asked him to read along while Lapp read it aloud. Lapp asked Johnson if he had any questions, and when Johnson had none Lapp read aloud the bottom part of the form, which was a waiver of the rights above. Lapp also testified that he explained to Johnson that even if he signed the waiver he could refuse to answer any

question, stop the questioning altogether, leave, or contact an attorney. Johnson signed the waiver.

Lapp and Alfeld advised Johnson of the nature of their investigation, and he told them that he himself had been molested as a child and that he occasionally had blackouts. The detectives told Johnson they did not entirely believe him, and at some point they suggested to him that it would be to his benefit to seek counseling. After a few minutes Johnson asked them to give him a pencil and paper and to leave him alone. Johnson then wrote his first statement. After reading it, Lapp and Alfeld suggested that they would need something more detailed. They left Johnson alone again and he produced the second statement.

█ A statement resulting from custodial interrogation may not be admitted into evidence unless the accused was first advised of his privilege against self-incrimination and his right to counsel, and voluntarily and intelligently waived these rights. *Miranda v. Arizona* (1966), 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694. The State argues that *Miranda* does not apply, because Johnson "voluntarily" went to the police station for questioning and was not in custody. We do not agree. Johnson went to the police station at the request of the police, after the victims had identified him as the molester. He was questioned in an interview room in the Detective Bureau of the police station. These circumstances are sufficient to trigger *Miranda*. *See Dickerson v. State* (1972), 257 Ind. 562, 276 N.E.2d 845, 848.

█ The State bears the burden of proving beyond a reasonable doubt that Johnson voluntarily and intelligently waived his *Miranda* rights. *Richardson v. State* (1985), Ind., 476 N.E.2d 497, 499; *Gentry v. State* (1984), Ind., 471 N.E.2d 263, 267. If the record contains substantial evidence of probative value to support the trial court's ruling, we will affirm it. *Gentry, supra*, 471 N.E.2d at 267. Contrary to

---

1. Count I, child molesting, a Class C felony pursuant to Ind.Code 35–42–4–3(b).

Count II, child molesting, a Class B felony pursuant to Ind.Code 35–42–4–3(a).

the testimony of Detectives Lapp and Alfeld, Johnson testified that he told them that he did "not exactly" understand the waiver of rights form. This Court will not reweigh the evidence and judge the credibility of witnesses; however, there is sufficient evidence to sustain a finding that Johnson voluntarily and intelligently waived his rights.

Notwithstanding the voluntary waiver of rights, Johnson's statements are not admissible unless they, too, were given voluntarily, and again the State bears the burden of proof beyond a reasonable doubt. We will look to the totality of the circumstances to determine whether the confession was the result of promises, threats, violence, or other improper influences that would overcome the will of the accused. *Massey v. State* (1985), Ind., 473 N.E.2d 146, 147; *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188, 1191. Impermissible promises include representations that punishment would be mitigated as a result of a confession. *Ashby v. State* (1976), 265 Ind. 316, 354 N.E.2d 192, 195. The record indicates that Detectives Lapp and Alfeld suggested to Johnson that it would be to his benefit to seek counseling, but even if this were construed as an inducement to confess, it is hardly the sort that would overcome the will of the accused. *See Long v. State* (1981), Ind., 422 N.E.2d 284, 286; *Pamer v. State* (1981), Ind.App., 426 N.E.2d 1369, 1374. Johnson also testified that the detectives told him what to write, that they called him a "sex freak," and that they refused to let him leave the room or make a phone call prior to making his statements. All of this contradicts testimony by Detectives Lapp and Alfeld, and we will not weigh evidence or judge credibility on appeal. There was sufficient evidence in the record to support the finding that Johnson's statements were made voluntarily.

Finally, Johnson argues that he requested and was denied an attorney. Once an accused makes such a request, all questioning must stop until the accused is able to confer with an attorney. *Miranda, su-pra*, 384 U.S. at 474, 86 S.Ct. at 1627. Johnson's claim that he made such a request, however, was contradicted by the testimony of the police detectives, and we will not disturb the trial court's finding. We find no error in the trial court's admission of Johnson's two written statements.

## II.

### Competence of Witnesses

The two victims, an eight year old boy and a seven year old girl, testified for the State at trial. Johnson argues that the trial court erred in determining that these two witnesses were competent to testify. Children under ten years of age are not competent unless it is clear that they understood the nature and the obligation of the oath. IC 34–1–14–5 (made applicable to criminal trials by IC 35–37–4–1). The test is whether the child understood the difference between telling the truth and telling a lie, and whether he knew he was required to tell the truth. *Jones v. State* (1984), Ind., 464 N.E.2d 1283, 1284; *Oldham v. State* (1984), Ind.App., 467 N.E.2d 419, 422.

The determination that a witness is competent is within the discretion of the trial court, and will be reversed only if there is no evidence to support it. *Newton v. State* (1983), Ind.App., 456 N.E.2d 736, 740. Although the trial judge incorrectly stated that IC 34–1–14–5 did not apply to victims of sexual offenses, he nevertheless found that the boy understood the "meaning of the oath" (Record, at 159) and that the girl was "able to distinguish between the truth and a lie" (Record, at 186). Further, while the judge himself did not question the children to make these findings, the deputy prosecutor questioned each of them at length, using questions similar to those held sufficient in *Jones v. State, supra*, 464 N.E.2d at 1284–85. There is sufficient evidence in the record to support the ruling that the two victims were competent as witnesses.

## III.

### Exclusion of Defendant's Exhibits

The trial court excluded as hearsay two of Johnson's exhibits: "Exhibit A", a doc-

ument from the Indiana State Department of Public Welfare, indicating that the two victims had contracted gonorrhea; and "Exhibit E", a medical record prepared by the Allen County/Fort Wayne Board of Health, indicating that Johnson did not have gonorrhea on April 5th and April 9th of 1984. Johnson argues that both documents were admissible under the business records exception to the hearsay rule.

 The business records exception has four requirements:

"1) The records offered must have been the original entries;

2) They must have been made in the regular course of business at or near the time of the event recorded;

3) The facts must have been within the first hand knowledge of someone whose business duty it was to observe and report the facts;

4) The witness who had knowledge of the facts must be unavailable."

*Wells v. State* (1970), 254 Ind. 608, 261 N.E.2d 865, 870. "Exhibit A" was contained in the police report on Johnson, and Detective Lapp testified as to entries made by police department personnel. He was unable, however, to provide the proper foundation for the Department of Welfare document. Similarly, Mary Ann Davis, a registered nurse clinician at the Allen Country/Fort Wayne Board of Health, testified as to entries she had made on "Exhibit E" but did not testify about other entries. Neither exhibit had the proper foundation for admission as a business record.

 Johnson further argues that "Exhibit E" is admissible as a foundation for Davis's diagnosis. By failing to raise this argument in his Motion to Correct Errors, Johnson has waived it. TR. 59(D)(2).

## IV.

### Sufficiency of the Evidence

When reviewing a claim of insufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences drawn therefrom. We will not reweigh the evidence or judge the credibility of witnesses. If the record contains substantial evidence of probative value to support a verdict of guilt beyond a reasonable doubt, that verdict will stand. *Massey v. State* (1985), Ind., 473 N.E.2d 146, 148.

 When questioned by police, Johnson wrote two brief statements, in one of which he admitted to engaging in sexual acts with the two victims, his six year old niece and seven year old nephew, on three different dates. During further questioning he gave police additional details. On February 25, 1984, Johnson indicated he had made the two children have sex with each other. On February 29, he pulled the girl's pants down, placed his penis between her legs and masturbated. Johnson also admitted that on March 1, he had placed his penis in the boy's mouth and ejaculated, and had also inserted his penis in the boy's anus.

At trial the victims corroborated these incidents, and also described others. The boy testified that Johnson had made him insert his penis in Johnson's anus, and that Johnson had performed fellatio on him. Both children also testified that Johnson had performed cunnilingus on the girl, and that he had threatened to hurt them if they told anyone about these incidents.

On March 26, 1984, the boy was examined and found to have gonorrhea, a sexually transmitted disease, and on April 1, 1984, the girl was found to have the disease as well. The examining physician testified that gonorrhea can be cured within seventy-two hours, and that once an individual is cured there is no way to detect he has had the disease. On April 5, 1984 and April 9, 1984 Johnson was examined and found not to have gonorrhea.

This evidence was ample to sustain a conviction for child molesting, a Class C felony and child molesting, a Class B felony. Finding no error, we affirm.

HOFFMAN and GARRARD, JJ., concur.