James DILLARD, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S505.

Supreme Court of Indiana.

Oct. 28, 1986.

Robert R. Garrett, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, James Dillard, was found guilty but mentally ill by a jury in the Lake Superior Court, Criminal Division, of three counts of confinement, a class B felony, one count of criminal recklessness, a class D felony, and one count of battery, a class D felony. The trial court subsequently sentenced Appellant to an executed term of fifteen (15) years on each of the three counts of confinement, two (2) years on the criminal recklessness count, and two (2) years on the battery count, all terms to run concurrently.

Two issues are presented for our consideration in this direct appeal:

1. selection of prospective jurors; and

2. competency of a witness.

The evidence showed that Appellant had been living with P.R., and her three small children for about two years. Appellant sexually molested P.R.'s ten-year-old daughter and P.R. ordered him out of the house and filed charges against him. Because she feared Appellant, she had her ex-husband come and stay in the house with the family. On April 21, 1983, Appellant came to the house and threatened the family with a shotgun. One of the children was able to escape through a bedroom window of the house and called the police. All but two children were able to escape the home and Appellant held the two younger children hostage while the police surrounded the home. Eventually Appellant re-

leased the children and then surrendered himself.

## I

Appellant claims there was not a random selection of prospective jurors from which to pick the jury that tried his cause. Ind. Code Title 33, Art. 4, Ch. 5.5, provides the method to be used in jury selection and service in Lake County, Indiana. Ind. Code § 33–4–5.5–1 et seq. (Burns 1985). Pursuant to that statutory scheme, the criminal courts in Lake County are afforded a panel of fifty prospective jurors. The panel is randomly selected from a panel of qualified prospective jurors. The panel of fifty is listed in alphabetical and numerical order. They serve for a term of six weeks and generally hear from six to ten cases during that period of time. Appellant does not claim that the system used in this case, or any case in Lake County, violates the statutes. Nor does he claim that the statutory system is improper or violative of any of his constitutional rights. Although it is difficult to discern just what Appellant's complaint is, he apparently felt something more should have been done to make the prospective jurors "randomly selected."

The jurors were selected in the order in which they were drawn and provided to the court. Appellant claims the first two juries selected from this panel were properly "randomized." But he claims that the subsequent jurors remained in line, in numerical order, and their selection was not subject to the "randomization" requirement. His jury was to be the third chosen. Thus, he asked the trial court to put all fifty names in a box, shuffle them, and draw out a new order of selection for his trial. It was his view this would then give "randomization" to the panel for selection of a jury for his cause. The trial court denied his motion.

Appellant's claim that the jury panel was not randomly selected, has no merit. The record clearly shows, and Appellant admits, that the panel of fifty jurors was properly and randomly selected pursuant to the statutory scheme. The jurors for all of the trials this panel tried were selected in the order in which they were drawn. The panel of prospective jurors for Appellant's trial was therefore just as random as were the first two juries. There is no provision in the statute, nor do we see any necessity, to re-shuffle the panel and re-draw it on subsequent selections. Appellant points to no prejudice resulting from the court's refusal to adopt his special plan. He merely makes the statement that the panel was not a random selection. Since the record shows there was compliance with the statutory scheme concerning the jury selection, and since Appellant presents no prejudice, we find no reversible error. See Cross v. State (1979), 272 Ind. 223, 226, 397 N.E.2d 265, 268, reh. denied; Owen v. State (1979), 272 Ind. 122, 125, 396 N.E.2d 376, 379.

## II

Appellant next contends the trial court erred in finding one of the witnesses, a seven year old child, competent to testify. The only complaint Appellant makes is that during the examination of the child, the trial judge did not demonstrate the child understood he was under a compulsion to tell the truth. An examination of the transcript of the trial court's voir dire examination of the seven year-old witness demonstrates that he knew the difference between telling the truth and telling a lie, that he knew telling a lie was wrong, and that he would get into trouble or be punished if he told a lie. The child testified that his mother had told him not to tell lies and that she would spank him if he did. He further testified that he goes to Sunday school and has learned there that if you tell a lie you get into trouble. He then promised he was going to tell the truth in his testimony in court.

A child is competent to testify if the court finds that the child knows the difference between telling the truth and telling a lie, and the child realizes that he or she is under some compulsion to tell the truth. Staton v. State (1981), Ind., 428

N.E.2d 1203, 1206; *Johnson v. State* (1977), 265 Ind. 689, 692, 359 N.E.2d 525, 528. The trial court, in its discretion, determined that this child sufficiently showed he understood the nature and obligation of his oath and would be truthful. Appellant has shown no evidence to the contrary. The question of a witness' competency to testify, as distinguished from credibility, is a limited threshold decision by the trial court and his decision will be reversed only on a showing of abuse of discretion. No such abuse is shown here. *Ware v. State* (1978), 268 Ind. 563, 565, 376 N.E.2d 1150, 1151.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.