Michael WATSON, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 22A01–8705–CR–00116.

Court of Appeals of Indiana,
First District.

Sept. 17, 1987.

Michael J. McDaniel, New Albany, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Michael Watson, Sr. (Watson), appeals his conviction by a Floyd Superior Court jury for child molesting, a Class B felony under IND.CODE 35–42–4–3(a).

We affirm.

## STATEMENT OF THE FACTS

In 1984, the victim, R.R., who was four years old at the time, was living with her mother and sister in a mobile home park. Watson's brother, Clarence, lived in the trailer next door. From September to December 1984, Watson and his son resided with Clarence because Watson was estranged from his girlfriend, who was also his ex-wife. Watson met R.R.'s mother and the two dated briefly. In October, Clarence began babysitting for R.R. while her mother worked, and it was during this time that Watson compelled R.R. to perform fellatio upon him, and he also subjected her to intercourse, both vaginal and anal. Watson later reconciled with his girlfriend, and she moved into Clarence's trailer until mid-December 1984, when she, Watson, and their children moved into a house. When R.R.'s mother noticed a rash on R.R.'s vagina and R.R. complained of rectal bleeding, R.R.'s mother became suspicious and, after some prodding, R.R. explained what Watson had done. R.R. was taken to a hospital emergency room, where she was examined and the police were summoned. On January 7, 1985, the police video-taped R.R.'s statement. She described the molestation and demonstrated what happened using anatomically-correct dolls. Two days later, on January 9, Watson was charged by Information with Class-B-felony child molesting.

Watson's four-day trial began on February 24, 1986. R.R.'s mother and sister testified about noticing the vaginal rash when giving R.R. a bath, and the former related her brief relationship with Watson. Watson's son, seven years old at the time of trial, testified that he witnessed the incident between his father and R.R., stating that Watson "[p]ut his private part in hers." *Record* at 497. The jury viewed R.R.'s video-taped statement. Several mental health professionals testified that R.R. manifests characteristics common to molestation victims, and she suffers from "sleep terrors", a sleeping disorder caused by a traumatic event. R.R. herself testified, after being found competent to do so, and related the molestation incident. Watson testified in his own defense. He believed he was the victim of a conspiracy between the police and the welfare department. According to Watson, this conspiracy was generated by R.R.'s mother, who was "jealous as hell" and filled with revenge after he jilted her in favor of a reconciliation with his ex-wife. *Record* at 745. This opinion was shared by Anna Grider, an erstwhile roommate of R.R.'s mother and girlfriend of Watson's brother Clarence, who testified that R.R.'s mother told her she was going to "pay him back" for returning to his ex-wife. *Record* at

687. Grider believed R.R.'s vaginal rash resulted from her incontinence.

The jury found Watson guilty, and the trial court sentenced him to the presumptive ten-year term of imprisonment. Watson then instituted this appeal.

### ISSUES

Watson presents two issues for our review; they are:

I. Whether the trial court abused its discretion in finding R.R. competent to testify.

II. Whether the trial court erred in refusing to give Watson's tendered instruction on the presumption of innocence.

### DISCUSSION AND DECISION

ISSUE I: *Witness Competency*

Watson declares the trial court abused its discretion in finding R.R. competent to testify because R.R. was unable to either understand the nature and consequences of an oath or distinguish between telling the truth and telling a lie.

■ R.R. was five years old at the time of Watson's trial. Pursuant to IND. CODE 34-1-14-5, children under ten are not competent to testify "unless it appears that they understand the nature and obligation of an oath." The presumption of incompetency is removed if the trial court finds that: the child understands the difference between telling the truth and telling a lie; and the child realizes he or she is under some compulsion to tell the truth. *Jones v. State* (1984), Ind., 464 N.E.2d 1283; *Johnson v. State* (1985), Ind.App., 484 N.E.2d 49. The trial court's decision will be reversed only for an abuse of discretion, and if the record of voir dire contains evidence from which the trial court could have inferred the child understood the nature and obligation of an oath, the trial court's ruling must be affirmed. *Oldham v. State* (1984), Ind.App., 467 N.E.2d 419, *trans. denied,* (citing *Staton v. State* (1981), Ind., 428 N.E.2d 1203).

■ Initially, we note that Watson failed to object when R.R. was called as a witness and thus has waived the issue of her competency. *Wright v. State* (1970), 255 Ind. 292, 264 N.E.2d 67; *Jackson v. State* (1985), Ind.App., 485 N.E.2d 144, *trans. denied.*

■ Assuming, arguendo, that Watson had preserved the issue, we will address it on the merits. At the competency hearing, which was held outside the presence of the jury, R.R. was questioned by the deputy prosecutor, defense counsel, and the trial court. In response to the various questions R.R. stated, "If you tell a lie you'll get in trouble," but if "[y]ou tell the truth you won't get in trouble." *Record* at 377. R.R. also responded affirmatively that she was required to tell accurately what happened, and that she would get in trouble if she didn't. Similar questions were held to be sufficient in *Jones, supra* (which also affirmed a finding that a five-year-old victim was competent to testify), and *Johnson, supra.* The trial court being in the best position to observe R.R.'s demeanor and responses, we believe the evidence is sufficient to uphold its ruling. There was no abuse of discretion.

ISSUE II: *Refused Instruction*

Watson tendered the following instruction, which the trial court refused:

It is your duty in this case, if it can be reasonably and consistently done, to reconcile the evidence before you upon the theory that the defendant, Michael Watson, is innocent, and if this can be done, he is entitled to be acquitted at your hands.

*Record* at 818.

The following two instructions were given to the jury:

Under the law of this State, a person charged with a crime is presumed to be innocent. To overcome the presumption of innocence, the State must prove the Defendant guilty of each essential element of the crime charged, beyond a reasonable doubt.

The Defendant[,] Michael Watson[,] is not required to present any evidence to

prove his innocence or to prove or explain anything.

*Record* at 136.

The presumption of innocence which the law draws around the Defendant in a criminal case does not end after the jury has listened to the evidence, and the argument of counsel and heard the charge of the court, but it follows the jury to its Jury Room and during its entire deliberation of the case you must bear it in mind and must give the Defendant the benefit of such presumption until you have reached your verdict, and until each and every one of you is satisfied to the exclusion of every reasonable doubt of the Defendant's guilt.

*Record* at 137.

Watson contends the trial court's refusal to give his tendered instruction mandates reversal.

■ In considering whether error resulted from the refusal of tendered instructions, we must determine whether: (1) the tendered instruction correctly states the law; (2) there is evidence in the record to support the giving of the instruction; and (3) the substance of the tendered instruction is covered by other instructions which were given. *Flowers v. State* (1985), Ind., 481 N.E.2d 100; *Armour v. State* (1985), Ind., 479 N.E.2d 1294.

■ While Watson is correct that the failure to give an instruction on the presumption of innocence constitutes reversible error, citing *Farley v. State* (1891), 127 Ind. 419, 26 N.E. 898, he has failed to satisfy the three-part test set forth above. A comparison of Watson's tendered instruction with the two instructions that were given shows that the substance of the refused instruction was adequately covered. Therefore, the trial court did not err in refusing to give Watson's tendered instruction.

Accordingly, the judgment is in all things affirmed.

Judgment affirmed.

RATLIFF, C.J. and ROBERTSON, J., concur.