John K. DUFFITT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 48S02–8807–CR–620.

Supreme Court of Indiana.

July 11, 1988.

John Richard Walsh, II, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

ON CRIMINAL PETITION TO TRANSFER

DICKSON, Justice.

Defendant's multiple convictions were affirmed by the Court of Appeals. *Duffitt v. State* (1988), Ind.App., 519 N.E.2d 216. Among the grounds asserted in his petition to transfer, defendant contends that the Court of Appeals erred when it found that he was not denied a fair trial by reason of drawings and posters placed in the courtroom to lessen the anxiety of some of the young witnesses.

 We grant transfer to express disapproval of this practice. Such decorations unduly emphasize the testimony of one witness over another and may convey to some jurors that the testimony of young children is more important or more credible than that of others. Testimony of children under ten years of age is permissible only upon an express finding by the trial court that the child understands the nature and obligation of an oath. Ind.Code § 34-1-14-5; *LeMaster v. State* (1986), Ind., 498 N.E.2d 1185; *Dillard v. State,* (1986), Ind., 498 N.E.2d 1229; *Ware v. State* (1978), 268 Ind. 563, 376 N.E.2d 1150. Thus approved with this legislative and judicial apprehension, the uncertain capacity of young children to treat seriously the duty to speak truthfully should not be undermined by converting the imposing dignity and solemnity of the courtroom into a

casual play area. Other methods may be available to address the anxiety of young witnesses.[1] However, the practice of decorating in deference to certain witnesses is altogether inappropriate and has no proper place in our trial courtrooms.

Notwithstanding these observations, which are prospective in operation, we agree with the Court of Appeals that, in the totality of the circumstances of the present case, reversal is not warranted on this issue.

In all other respects, the decision of the Court of Appeals is summarily affirmed pursuant to Appellate Rule 11(B)(3). The trial court judgment is affirmed.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

SHEPARD, C.J., concurring in result only.

1. *See, e.g.,* Ind.Code §§ 35-37-4-6, 8 as upheld and limited in *Miller v. State* (1987), Ind., 517

N.E.2d 64.