Donald HOLT, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 55A01–9006–CR–229.

Court of Appeals of Indiana,
First District.

Oct. 30, 1990.

Patrick M. Schrems, Bloomington, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Donald Holt appeals his convictions on two counts of Child Molesting[1], Class C felonies, and Attempted Child Molesting[2], a Class B felony. We affirm.

## FACTS

We adopt the appellant's statement of the facts:

"Cathy McDill and her daughter, S.M., age six, lived with Don and Kelly Holt. They moved in around June 4th or 5th and left about June 23, 1989. On Friday, the 22nd, Cathy found her daughter with her underwear off and she was acting frightened and strange. Cathy asked S.M. why her underwear was off and S.M. told her what Don had done to her. S.M. testified

that Don took off her pants and panties and 'rubs his private part up in my private part'. S.M. also testified that Don had 'rubbed his private part on my private part and [L.H.]'s private part.' L.H. was the defendant's three year old daughter.

Mr. Holt testified that he did not touch either S.M. or L.H. in a sexual way." Appellant's brief at 3.

## ISSUES

1. Did the trial court err when it allowed the State's witness, S.M., a six year old child, to testify as a competent witness over Holt's objections?

2. Did the trial court err when it found that the crime of attempted child molesting as a Class B felony was nonsuspendable?

## DISCUSSION AND DECISION

*Issue One*

Holt claims the trial court committed reversible error when it permitted S.M. to testify. Holt complains the State failed to present sufficient evidence that S.M., a six year old child, understood the concept of an oath and its meaning in court.

The appellate standard of review of a trial court's determination of witness competency is abuse of discretion. We afford the trial court great deference because the trial court had the unique opportunity to observe the child's intelligence, demeanor, and maturity. *Phillips v. State* (1990), Ind., 550 N.E.2d 1290, 1298. We will reverse if no evidence supports the trial court's finding of competency. *Fox v. State* (1980), Ind.App., 413 N.E.2d 665, 666. If there is evidence in the record from which the trial court could have inferred the child understood the nature and obligations of an oath, we will affirm the trial court's determination. *Watson v. State* (1987), Ind.App., 512 N.E.2d 885, 887. A child witness must understand the difference between telling a lie and telling the truth and be under some compulsion to tell the truth. *Id.*

---

1. IND.CODE § 35-42-4-3.

2. IND.CODE §§ 35-41-5-1 & 35-42-4-3.

S.M. was asked the following question: "Do you realize that if you tell lies in court, you're going to be punished?" Record at 49. S.M. gave a negative response. Holt claims this answer indicates that S.M. was not a competent witness. We note the requirement that the child be compelled to tell the truth does not need to be due to fear of punishment. *Jones v. State* (1984), Ind., 464 N.E.2d 1283, 1284. Despite Holt's conclusion, the State quieted Holt's claim by the subsequent dialogue with S.M. The conversation continued:

"Q. Do you promise to tell the truth

. . .

A. Yeah.

Q. . . . to everybody?

A. Yes.

Q. How come you're going to tell the truth?

A. 'Cause he did it.

Q. Is that the right thing to do—telling the truth?

A. Yes.

Q. And you know you get in trouble for telling lies. Is that right?

A. Yeah."

Record at 49–50. Reviewing the entire colloquy of S.M. concerning competency, we find adequate support of the trial court's finding S.M. was competent.

*Issue Two*

At sentencing, the court ordered four years of Holt's ten-year sentence for attempted child molesting be suspended. Holt argues the court improperly ordered six years executed on the basis that the sentence was nonsuspendable.

The minimum sentence for child molesting is nonsuspendable. IND.CODE § 35–50–2–2(b)(4)(H). The trial court found this section also includes sentences for attempted child molesting. The State relies on *Haggenjos v. State* (1982), Ind., 441 N.E.2d 430, to support the trial court's finding. The Indiana Supreme Court declared that "murder" in I.C. § 35–50–2–2(b)(4)(A) also refers to attempted murder. *Haggenjos*, 441 N.E.2d at 434. Following *Haggenjos*, we must uphold the trial court's determination that six years of Holt's ten-year sentence for attempted child molesting is nonsuspendable.

Holt's contention that this result conflicts with *Huff v. State* (1983), Ind.App., 443 N.E.2d 1234, is without merit. *Huff* is distinguishable because it concerns suspendability of a sentence for conspiracy, not attempt. Conspiracy is a separate offense from the underlying offense, *Hossman v. State* (1985), Ind.App., 482 N.E.2d 1150, 1155, *trans. denied*, but attempt is an included offense of the crime attempted. IND.CODE § 35–41–1–16(2). This difference makes Holt's comparison of *Huff* and *Haggenjos* untenable, and we do not consider it further.

We find the trial court properly determined that a sentence for attempted child molesting is nonsuspendable.

Affirmed.

ROBERTSON and CHEZEM, JJ., concur.