**Ruth M. BRUNTON, Appellant–Plaintiff,**

v.

**PORTER MEMORIAL HOSPITAL AMBULANCE SERVICE, Appellee–Defendant.**

No. 64A04–9402–CV–47.

Court of Appeals of Indiana, Fourth District.

Sept. 13, 1994.

Order Granting Motion to Publish March 2, 1995.

Roger Wm. Bennett, Brent E. Clary, Bennett, Boehning, Poynter & Clary, Lafayette, for appellant.

Jon F. Schmoll, Kristin A. Mulholland, Spangler, Jennings & Dougherty, Merrillville, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF CASE

Plaintiff–Appellant Ruth M. Brunton appeals from a grant of summary judgment in favor of Defendant–Appellee Porter Memorial Hospital Emergency Medical Services (hereinafter, PMH).[1]

We affirm.

### Issue

Brunton raises the following issue for our review:

Whether the trial court erred in finding as a matter of law that Brunton was required to comply with the notice provisions of the Indiana Tort Claims Act (ITCA).

### FACTS AND PROCEDURAL HISTORY

On March 16, 1992, Brunton, a nursing home employee, was injured while helping emergency medical technicians transfer a patient from a nursing home bed to a stretcher. Brunton filed a complaint against PMH in which she alleged that her injuries were caused by the negligence of PMH's employees.

PMH filed a motion for summary judgment, in which it contended that Brunton was required to give notice under the ITCA. Since Brunton did not do so, PMH argued that as a matter of law Brunton's claim is barred.

The trial court granted PMH's summary judgment motion. In doing so, the court stated that:

The Court finds that there is no genuine issue of material fact as to whether or not Plaintiff filed a notice of claim under the Tort Claims Act. There is no dispute that Plaintiff did not file such a notice. The question for the Court to resolve is whether or not Plaintiff was required to file such notice. The Court concludes that such notice was required in this situation and that the failure of Plaintiff to file such a notice is fatal to her claim.

(R. 123). Brunton now appeals.

### DISCUSSION AND DECISION

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. Ind.Trial Rule 56(C); *Fawley v. Martin's Supermarkets, Inc.* (1993), Ind.App., 618 N.E.2d 10, 12, *trans. denied.* The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact. T.R. 56(C); *Campbell v. Criterion Group* (1993), Ind.App., 613 N.E.2d 423, 428, *on reh'g* 621 N.E.2d 342. Once the moving party makes a prima facie showing of the nonexistence of a genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing the existence of a genuine issue for trial. T.R. 56(E); *Campbell,* 613 N.E.2d at 428. Summary judgment will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Fawley,* 618 N.E.2d at 12.

---

1. In her original complaint and in this appeal, Brunton incorrectly designated PMH as "Porter Memorial Hospital Ambulance Services".

On appeal, we are normally bound by the same standard as the trial court and we must consider all matters which were designated at the summary judgment stage in the light most favorable to the non-moving party. T.R. 56(C); *Campbell*, 613 N.E.2d at 428. However, the question of compliance with the ITCA is a "procedural precedent which the plaintiff must prove and which the trial court must determine prior to trial." *Hupp v. Hill* (1991), Ind.App., 576 N.E.2d 1320, 1323 (quoting *Indiana Dep't of Highways v. Hughes* (1991), Ind.App., 575 N.E.2d 676, 678; *Indiana State Highway Commission v. Morris* (1988), Ind., 528 N.E.2d 468, 471). Accordingly, a summary judgment based on the plaintiff's failure to comply with the notice provisions of the Act is "subject to review as [a] negative judgment[ ], which we will reverse only if contrary to law." *Id.* at 1323–1324.

Evidence designated by the parties indicates that the Porter County Commissioners considered Porter Memorial Hospital, as the primary health care provider in Porter County, to be "uniquely qualified" to provide "centralized management and administration of quality emergency medical services for the benefit of its citizens." (R. 34). Accordingly, the Porter County Commissioners and Porter Memorial entered into a written agreement whereby the hospital would provide such services to the county's citizens "subject to and conditioned upon the terms and conditions of [the] Agreement and upon the statutory duties, authorities, restrictions, and regulations set forth by the State of Indiana and the United States of America." (R. 32). Pursuant to the agreement, the Porter County Commissioners transferred equipment, including ambulances, buildings, equipment, and supplies, to Porter Memorial for use in providing emergency services. Upon termination of the agreement, items transferred would be returned to the Porter County Commissioners. Porter Memorial was required to cover losses arising from the provision of emergency services through the purchase of public liability and property damage insurance. Any applicable deductibles were to be paid by the hospital. The emergency services were provided through the use of the hospital's employees. Porter Memorial receives a subsidy from Porter County to assist in the furnishing of emergency medical services. Porter Memorial is a county hospital.

The ITCA provides that a claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision within 180 days after the loss occurs. IND. CODE 34–4–16.5–7. A "governmental entity" is the state or a political subdivision of the state. I.C. 34–4–16.5–2(2). A county or a county hospital is a "political subdivision" for the purposes of the Act. I.C. 34–4–16.5–2(5).

Brunton acknowledges that she did not file notice with either Porter County or Porter Memorial; however, she contends that she was not required to do so because the ITCA provides immunity only for a "county" or a "county hospital" and not a joint venture between the two.

Our decision is guided by our supreme court's holding in *Ayres v. Indian Heights Volunteer Fire Dep't* (1986), Ind., 493 N.E.2d 1229. In *Ayres*, the court was faced with the issue of whether a volunteer fire department was entitled to the immunity afforded by the ITCA. The court first noted that "[w]hen private individuals or groups are endowed by the state with powers or functions governmental in nature, they become agencies or instrumentalities of the state and are subject to the laws and statutes affecting governmental agencies and corporations." *Id.* at 1235. It then pointed out that the provision of firefighting services was uniquely governmental and that the volunteer fire departments were not independent contractors "in the business of paving streets, constructing school buildings or bridges, or many of the other private enterprises the government is sometimes called upon to hire to fulfill its governmental duties to the public." *Id.* It further pointed out that volunteer fire departments were not like independent contractors functioning as "private businesses available to anyone requiring their services, either public or private, and at a charge for their services." *Id.* The court concluded that the volunteer fire department was an "instrumentality of local government and was

protected by the Indiana Tort Claims Act along with the township that employed it." *Id.* at 1237.

■ The provision of emergency medical services is an essential purpose of a political subdivision. I.C. 16–1–39–14. The governing body of any city, town, township, or county is empowered to contract for emergency medical services. I.C. 16–139–15.[2] In the present case, the Porter County Commissioners facilitated the provision of emergency medical services by transferring buildings, vehicles, supplies, and equipment to Porter Memorial. The emergency medical technicians providing the actual services were Porter Memorial's employees. Under its agreement with the Porter County Commission, Porter Memorial was responsible for the payment of claims arising from the acts of emergency medical employees. Furthermore, Porter Memorial was responsible to pay and defend any suits filed against its employees for acts or omissions causing loss which are within the scope of their employment. I.C. 34–4–16.5–5; *Poole v. Clase* (1985), Ind., 476 N.E.2d 828, *reh'g denied.* Porter Memorial is a political subdivision and it does not provide emergency services as a private business. Under *Ayres,* this joint venture between Porter County and Porter Memorial was entitled to the protections of the ITCA. One of these protections was the notice requirement of I.C. 34–4–16.5–7.

■ Brunton argues that Porter Memorial's purchase of liability insurance is evidence that the provision of emergency services was not intended to be covered by the ITCA. However, as this court held in *Rodgers v. Martinsville School Corp.* (1988), Ind. App., 521 N.E.2d 1322, 1325, *trans. denied,* the notice provisions of the ITCA are not waived when a governmental entity procures liability insurance.

■ Brunton also argues that the notice provisions of the ITCA are "void for vagueness" as applied to her, in that she was not aware that emergency medical services were being provided by a governmental enterprise. In *Johnson v. St. Vincent Hospital, Inc.*

(1980), Ind., 404 N.E.2d 585, 596, our supreme court opined that this type of constitutional challenge was applicable only to penal statutes, not to non-penal civil statutes. Furthermore, we cannot find that Brunton was somehow mislead into believing that *Porter Memorial Hospital* Emergency Services was not a part of Porter Memorial Hospital.

## CONCLUSION

The trial court correctly found that as a matter of law Brunton was required to comply with the notice provisions of the ITCA. Brunton's claim is barred by its failure to do so.

Affirmed.

HOFFMAN and STATON, JJ., concur.

## ORDER

SHARPNACK, Chief Judge.

This Court having heretofore handed down its opinion in this appeal marked "Memorandum Decision, Not for Publication"; and

Comes now the appellee, by counsel, and files herein its Motion to Publish Memorandum Decision alleging therein that the decision determined that, as a matter of law, Porter Memorial Hospital Emergency Medical Services is an entity for which a tort claims notice is due under the Indiana Tort Claims Act and that the decision should be published in order that there will exist legal precedent for this issue, which said Motion is in the following words and figures, to-wit:

(H. I.)

And the appellant, by counsel, having thereafter filed her Response to Motion to Publish Memorandum Decision, alleging that it may be in the public interest to publish the Memorandum Decision, which said Response is in the following words and figures, to-wit:

(H. I.)

And the Court, having examined these matters, and being duly advised, now finds

---

**2.** I.C. 16–1–39–14 and I.C. 16–1–39–15 were repealed and recodified by P.L. 2–1993, Sec. 209.

The new provisions are found in I.C. 16–31–5–1 et. seq.

that the Motion to Publish Memorandum Decision should be granted and this Court's Memorandum Decision heretofore handed down on September 13, 1994 marked "Not for Publication" should now be ordered published.